UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN BIRD CONSERVANCY, DAVID A. KRAUSS, and SUSAN SCIOLI,<br><br>Plaintiffs,<br><br>v.<br><br>ROSE HARVEY, Commissioner, New York State Office of Parks, Recreation, and Historic Preservation,<br><br>Defendant. | Case No. 2:16-cv-01582 (ADS)(AKT) |

## STIPULATION OF SETTLEMENT AND ORDER OF DISMISSAL

This Stipulation of Settlement and Order of Dismissal ("Stipulation and Order"), by and among plaintiffs American Bird Conservancy, David A. Krauss, and Susan Scioli (collectively, "Plaintiffs" or "ABC"), and defendant Rose Harvey, in her official capacity as Commissioner of the New York State Office of Parks, Recreation, and Historic Preservation ("Defendant" or "State Parks"), provides as follows:

WHEREAS, on March 31, 2016, Plaintiffs commenced this action in the United States District Court for the Eastern District of New York by filing a Complaint For Declaratory and Injunctive Relief, asserting a claim against Defendant under the Endangered Species Act, 16 U.S.C. 1531, *et seq.* (the "ESA") in connection with the protection of the Piping Plover (*Charadrius melodus*), and subsequently, on June 23, 2016, filed an Amended Complaint for Declaratory and Injunctive Relief (the "Action");

WHEREAS, Defendant expressly denies any wrongful conduct or liability, or violation of the ESA or any other law, in connection with the events alleged in the Action;

WHEREAS, the parties have a mutual interest in ensuring that Piping Plovers are

1

adequately protected at Jones Beach State Park, and also have a mutual interest in ensuring that cats do not reside, and are not sheltered, fed, and cared for at Jones Beach State Park;

WHEREAS, the parties desire to resolve the Action without further litigation and without admission of fault or liability, and have negotiated in good faith for that purpose; and

WHEREAS, none of the parties to the Action is an infant or incompetent person;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation and Order, Plaintiffs and Defendant hereby stipulate and agree by and between their respective counsel, and the Court orders, as follows:

## DEFINITIONS

For the purposes of this Stipulation and Order, the following definitions shall apply:

1. "Colony Cats" shall refer to twenty-three (23) cats that, as of the date of this Stipulation and Order, are present at Field 10 of Jones Beach State Park and that have previously each been identified, as well as vaccinated, spayed or neutered, and ear-tipped.

2. "Field 10 Contained Area" shall refer to the temporary construction and use of a fenced area located at Field 10 of Jones Beach State Park where the entry and exit of cats will be prevented.

3. "JBSP" shall refer to Jones Beach State Park, located in Nassau County, New York.

4. "Volunteer Service Agreement" shall refer to a written agreement between State Parks, pursuant to its authority under the New York State Parks, Recreation and Historic Preservation Law §§ 3.09(2), (5), and (9), and any person to do all things necessary or convenient to carry out the functions set forth in the agreement.

5. "Remove", "removed", and/or "removal" shall refer to the relocation of cats, consistent with all applicable laws and regulations, from within JBSP to another location not within JBSP such that any relocated cats cannot return to JBSP.

**TERMS OF SETTLEMENT**

1. The parties hereby agree that the Action is dismissed and discontinued with prejudice under Rule 41(a) of the Federal Rules of Civil Procedure, and without payments, attorneys' fees, costs, disbursements, or expenses.

2. Plaintiffs and Defendant agree to undertake the following acts:

    a. State Parks will promptly remove in as humane a manner as possible all cats from JBSP by March 31, 2019, but to the extent that State Parks is unable to do so, it will utilize its best efforts to remove all cats as soon as is reasonably practicable thereafter, and will continue to provide for removal of any cats introduced to JBSP in the future, except as provided below with respect to the Colony Cats;

    b. State Parks will undertake its best efforts to diligently remove in as humane a manner as possible the Colony Cats from JBSP for placement in an appropriate shelter or other environments where they will not be subject to euthanasia. Upon identification of a bona fide placement in accordance with this paragraph that is acceptable to State Parks at its discretion, which will not be unreasonably exercised—including any placement that ABC may (but is not obligated to) source—State Parks will endeavor to remove cats to such a placement within (30) days, but to the extent that State Parks is unable to do so, will utilize its best efforts to remove the cats as soon as practicable;

3

    c. State Parks will promptly commence a procurement process for the construction of the Field 10 Contained Area for use on a temporary basis until all of the Colony Cats have been removed from JBSP as provided in paragraph 2 (b) above, which construction shall be completed by December 31, 2018.  State Parks shall ensure that all of the Colony Cats that have not been removed from JBSP by December 31, 2018 are within the Field 10 Contained Area as of that date until their removal from JBSP as provided in paragraph 2(b) above.  At State Parks' discretion, the Field 10 Contained Area may be dismantled after all the Colony Cats are removed from JBSP;

    d. State Parks staff and/or members of the public who enter into a Volunteer Service Agreement with State Parks and who are supervised by State Parks staff shall exclusively feed and otherwise care for any Colony Cat(s) placed in the Field 10 Contained Area after December 31, 2018, until all the Colony Cats are removed from JBSP as provided in paragraph 2(b) above.  Volunteers will be advised that any Colony Cat that is intentionally released from the Field 10 Contained Area will be removed from JBSP in accord with paragraph 2(a) above, not paragraph 2(b);

    e. Starting December 31, 2018, and until all Colony Cats are removed from JBSP, State Parks will monitor the Field 10 Contained Area on a weekly basis to ascertain whether any Colony Cats have escaped from, or any new cats have been added to, the Field 10 Contained Area.  State Parks will remove from JBSP any new cats that have managed to enter the Field 10 Contained Area as soon as is reasonably possible.  Likewise, State Parks will remove

      from JBSP any Colony Cats that escape the Field 10 Contained Area;

   f.  State Parks will put up signs and provide notice on its website stating that the dropping off or feeding of cats in JBSP is prohibited and will engage the NYS Park Police to assist in enforcing the prohibitions against the dropping off or feeding of cats in JBSP, consistent with their legal authority. Upon the entry of this Settlement and Order by the Court, State Parks staff will use reasonable efforts to advise cat advocates and affinity groups known to State Parks that it is prohibited for them to interact with the Colony Cats at any time and/or to enter the Field 10 Contained Area after it is constructed, except pursuant to a Volunteer Service Agreement with State Parks; and

   g.  On December 31, 2018, and on a quarterly basis thereafter until all Colony Cats are removed from JBSP, State Parks will report to ABC on the number of the Colony Cats, escapes, additions, and any enforcement actions State Parks has undertaken during that quarterly period with respect to the presence of cats at JBSP.

3.    All terms and obligations of State Parks under this Stipulation and Order with regard to Colony Cats only shall terminate upon the removal of all Colony Cats from JBSP; this provision does not affect State Park's obligations under paragraphs 2(a) and 2(f).

4.    "Force majeure," for purposes of this Stipulation and Order, is defined as any event arising from causes beyond the control of Defendant, or of Defendant's contractor(s), which delays or prevents the performance of any obligation under this Stipulation and Order despite Defendant's best efforts to fulfill the obligation.  The requirement that Defendant exercises "best efforts to fulfill the obligation" includes using best efforts to anticipate any

5

potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring and (b) following the potential force majeure event, such that the delay and any adverse effects of the delay are minimized.

5. Nothing in this Stipulation and Order shall be construed as an admission or concession of liability whatsoever by State Parks regarding any of the allegations made by the Plaintiffs in this Action.

6. Nothing in this Stipulation and Order is a commitment or requirement that State Parks will obligate or pay funds in contravention of the New York State Constitution, New York State Finance Law Section 41, or any other applicable provision of law. Upon State Parks' written notice to ABC, should State Parks lack the lawful funds necessary to meet the terms and obligations of this Stipulation and Order, this Stipulation and Order shall terminate, and ABC may refile this Action without prejudice.

7. All actions called for in this Stipulation and Order shall be performed in a manner consistent with all applicable laws, rules, and regulations.

8. This Stipulation and Order entered thereon shall have no precedential value or effect against the State of New York whatsoever and shall not be admissible in any other action or proceeding against the State of New York as evidence or for any other purpose except in an action or proceeding to enforce this Stipulation and Order.

9. This Court shall retain jurisdiction over this Action for the sole purpose of enforcing the terms and conditions of this Stipulation and Order to the extent any disputes arise between the parties.

10. This Stipulation and Order embodies the entire agreement of the parties in this matter and may be executed in counterparts as if executed by both parties on the same document.

Respectfully submitted,


_____
Jeffrey A. Simes
Glenn S. Kerner
Jordan D. Weiss
Shaun P. deLacy
**GOODWIN PROCTER LLP**
The New York Times Building
New York, New York 10018
Tel.: (212) 813-8800
Fax.: (212) 355-3333
jsimes@goodwinprocter.com
gkerner@goodwinprocter.com
jweiss@goodwinprocter.com
sdelacy@goodwinprocter.com

- and -

William F. Sheehan
(*Pro Hac Vice forthcoming*)
General Counsel
**AMERICAN BIRD CONSERVANCY**
4301 Connecticut Avenue, N.W.
Washington, D.C. 20008
Tel.: (301) 972-7498
WSheehan@abcbirds.org

*Attorneys for Plaintiffs American Bird Conservancy, David A. Krauss, and Susan Scioli*

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: _____
Mihir A. Desai
*Assistant Attorney General*
Environmental Protection Bureau
28 Liberty Street, 19th Floor
New York, NY 10005
(212) 416-8478
Mihir.Desai@ag.ny.gov

*Attorney for Defendant Rose Harvey, as Commissioner of the New York State Office of Parks, Recreation and Historic Preservation*

SO ORDERED, this _____ day of _____, 2018.

_____
Honorable Arthur D. Spatt
United States District Judge

7